```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


STEVEN L. CAIN,                    *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *   CIVIL ACTION NO. 14-00577-KD-B
                                   *
CONTINENTIAL MOTORS, INC.,         *
                                   *
     Defendant.                    *
```

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Continental Motors, Inc.'s Motion to Dismiss (Doc. 12), Motion to Quash Alias Summons (Doc. 15), and Supplemental Motion to Dismiss (Doc. 16). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendant's motions and the case file, the undersigned RECOMMENDS that Defendant's motions be GRANTED, in part, and that Plaintiff's complaint be dismissed without prejudice.

### I.  Background

On December 16, 2014, Plaintiff, proceeding *pro se*, filed the instant action alleging employment discrimination against Defendant Continental Motors, Inc. (hereinafter Continental). (Doc. 1). The Court, on June 12, 2015, issued a show cause order directing Plaintiff to show cause by June 22, 2015 why

this case should not be dismissed due to his failure to serve the defendants within 45 days after the filing of his complaint. (Doc. 3). Plaintiff failed to file any response to the Court's order, and on August 5, 2015, the Court issued a second show cause order directing Plaintiff to show cause, by August 26, 2015, why this case should not be dismissed due to his failure to serve the Defendant. (Doc. 4). Plaintiff's copy of the order was returned as undeliverable due to "insufficient address." (Doc. 5). Accordingly, the Court issued a third show cause order directing Plaintiff to show cause by September 10, 2015, why this action should not be dismissed for failure to perfect serve on the Defendant. (Doc. 6). This order was sent to Plaintiff at a more specific address, and on September 10, 2015, Plaintiff filed a letter requesting additional time to "hopefully try and remedy issues with the now current H.R. manager[.]" (Doc 7). In an order dated September 11, 2015, the Court observed that Plaintiff's letter was not responsive to the Court's show cause order because it provided no explanation for his failure to timely serve the Defendant. (Doc. 8). The Court ordered Plaintiff to effect service on the Defendant or show cause why the action should not be dismissed for his failure to prosecute and failure to comply with the Court's orders, on or before September 24, 2015. (Id.). Plaintiff was cautioned that if he failed to comply with the Court's order by September 24,

2

2015, this case would be dismissed without prejudice on September 25, 2015.  (Id.)

On September 21, 2015, attorney Thomas Matthew Loper entered a Notice of Appearance on behalf of Plaintiff (Doc. 9), and on September 25, 2005, Loper filed a proof of service reflecting that Continental was served, via certified mail, on September 23, 2015.  (Doc. 11).  The proof of service reflects that the summons was addressed to Continental Motors, Inc., was delivered by certified mail, and was signed for by "SH Smith".  (Id.).

On October 7, 2015, Defendant filed a motion seeking the dismissal of Plaintiff's complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  (Doc. 12).  In the motion, Defendant argued that Plaintiff's attempt to serve Defendant, via certified mail, by addressing the summons to Defendant in general and not a specific person, was defective because SH Smith, the accounts payable employee who signed for the certified mail, is not an officer, managing agent, or general agent, or any other agent authorized by appointment of law to receive process for Defendant as required by the Federal Rules of Civil Procedure.  (Id.).  Defendant further asserts that simply sending the summons and complaint to Defendant at its address, without addressing it to a officer or agent, is not sufficient service.  (Id. at 3).

3

Along with its motion, Defendant filed the affidavit of Elizabeth Cotton, a legal administrator with Continental. (Doc. 12-1). In the affidavit, Cotton avers that Continental maintains an agent in Montgomery, Alabama, who is authorized by it to receive service of process on behalf of Continental. Cotton further avers that Sonya Smith, the Continental accounts payable employee who signed for the certified mail, is not an officer, a managing or general agent, or other agent of Continental. (Id.)

The Court, on October 8, 2015, issued an order directing Plaintiff to file a response to Defendant's motion by October 28, 2015. (Doc. 13). On October 9, 2015, Plaintiff's counsel filed a notice of Proposed Summons directed to Rhett Ross, President of Continental. (Doc. 14). Defendant, in response, filed a motion seeking to quash service on the ground that Plaintiff was attempting to do an "end around" in order to defeat Defendant's Motion to Dismiss, and that in any event, the summons was untimely because Plaintiff was ordered to perfect service no later than September 24, 2015. (Doc. 15). On October 29, 2015, Defendant filed a supplemental motion seeking the dismissal of this action on the ground that Plaintiff failed to comply with the Court's order directing a response to its motion to dismiss; thus, Defendant's motion is uncontroverted and is due to be granted. (Id.).

4

**II.     Legal Analysis**

Service of Process on a corporation in a federal lawsuit is governed by Federal Rule of Civil Procedure 4(h).  Service under that rule must be accomplished in one of two manners: (1) in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(A),(B); Sheet Metal Workers' Union Local # 441 Health & Welfare Fund v. Air Comfort Co., Inc., 2010 U.S. Dist. LEXIS 39491 *2, 2010 WL 1729745, *1 (S.D. Ala. April 20, 2010).  Likewise, in Alabama, service on a corporation requires service on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."  Rule 4(c)(6), Ala. R. Civ. P.; see also Jackson v. Vaughan Regional Medical Center, 2009 U.S. Dist. LEXIS 93762, 2009 WL 3242082, *4 (S.D. Ala. Oct. 6, 2009) (holding that the plaintiff's attempt to serve the defendant via certified mail addressed to "Vaughn [*sic*] Regional Medical Center," rather than any particular officer or agent was defective service, and that the "[c]ommentary to the Alabama Rules explains that 'personal or certified mail service must be directed to the registered or appointed agent or to a specific person, such as an

5

officer.'")(emphasis omitted).

The record in this case reflects that Plaintiff, while proceeding *pro se*, was given several opportunities to perfect service on Defendant, and was afforded additional opportunities to perfect service after attorney Loper entered an appearance on Plaintiff's behalf. Notwithstanding, Plaintiff has failed to perfect service. As noted by Defendant, and not contested by Plaintiff, the certified mail directed to the company in general was not proper service under either federal or Alabama law. There is simply no evidence that "SH Smith", the individual who signed for the certified mail, is either an officer, a managing or general agent or agent authorized by appointment of law to accept service on behalf of Continental. Thus, Plaintiff's attempted service by certified mail was defective. While attorney Loper secured an alias summons directed to Rhett Ross, the president of Defendant Continental, there is nothing before the Court indicating that any attempt was made to serve the alias summons, let alone that the company president was served. Thus, Defendant's motion seeking to quash summons is due to be GRANTED with respect to the summons issued by certified mail to the corporation in general.

Having documented Plaintiff and his counsel's failure to comply with applicable service of process requirements despite the fact that they have been given over a year in which to do

6

so, the Court now turns to the question of remedy. Defendant contends that this action should be dismissed due to defective service as well as Plaintiff's repeated failure to comply with the Court's directives, including the Court's order directing Plaintiff to file a response to Defendant's Motion to Dismiss (Doc. 13). The undersigned is cognizant that courts have held that where there is a reasonable prospect that a plaintiff can perfect proper service, the action should generally be preserved. See Jackson, 2009 U.S. Dist. LEXIS 93762 at *6, 2009 WL 3242082 at *4 (where there is a reasonable prospect that the plaintiff will ultimately be able to serve the defendant properly, service should be quashed and the plaintiff given an opportunity to properly perfect service); Korman v. I.R.S., 2007 U.S. Dist. LEXIS 7776, *3, 2007 WL 404041, *1 (S.D. Fla. Feb. 2, 2007) (upon technical failure in service of process on defendant, quashing of service of process was appropriate remedy, not dismissal of complaint).

At this juncture, it does not appear that Plaintiff will perfect proper service on Defendant. As noted, *supra*, this action has been pending nearly a year, and Plaintiff has been afforded multiple attempts to perfect service on Defendant, but has failed to do so. Further, Plaintiff was placed on notice, through the affidavit of Elizabeth Cotton, that Defendant has an authorized agent for service of process located in Montgomery,

7

Alabama; however, there is nothing before the Court indicating that Plaintiff has taken any steps to perfect notice on said agent. (Doc. 12-1). Plaintiff's inaction, and repeated failure to comply with the Court's directives, provides no basis for believing that he will ultimately take the steps necessary to perfect service on Defendant. Furthermore, the undersigned finds that under the circumstances, no alternatives short of dismissal will suffice. See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) as not restricting the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); Mingo v. Sugar Cane Growers Co-op of Fla., 864 F. 2d 101, 102 (11th Cir. 1989)("[t]he district court possesses the inherent power to police its docket[]. . . [and] . . . [i]ncident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can. . . [include]. . . an order dismissing the action with or without prejudice[]"). Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, in part, and that Plaintiff's complaint be dismissed without prejudice.

### III. Conclusion

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Quash be GRANTED, that Defendant's Motion to Dismiss be GRANTED, in part, and that Plaintiff's complaint

8

be dismissed without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **November, 2015.**

                                              **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**